# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RENO FUENTES RIOS, | ) | 1:09-CV-01318 LJO GSA HC |
| | ) | |
| Petitioner, | ) | ORDER REGARDING RESPONDENT'S |
| | ) | MOTION FOR DISMISSAL, PETITIONER'S |
| v. | ) | MOTION FOR LEAVE TO FILE OVERSIZE |
| | ) | BRIEF, PETITIONER'S OPPOSITION TO |
| | ) | RESPONDENT'S MOTION TO DISMISS, |
| WARDEN, CSP CORCORAN, | ) | AND RESPONDENT'S REPLY TO |
| | ) | PETITIONER'S OPPOSITION |
| Respondent. | ) | |
| | ) | (Documents #24, 25, 26, 27) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 4, 2009, Petitioner filed a notice of appeal of the July 28, 2009, District Court's order that had dismissed any grounds in the petition challenging Petitioner's 1989 conviction for kidnaping. On September 8, 2009, the interlocutory appeal was processed to the Ninth Circuit Court of Appeals, and the appeal is currently pending.

On November 2, 2009, Respondent filed a motion to dismiss alleging a violation of the statute of limitations. Petitioner filed a motion for leave to file an oversized brief along with his opposition to the motion to dismiss on November 25, 2009. Respondent filed a reply to the opposition on December 3, 2009.

cd                                                                1

The notice of appeal effectively deprived this Court of jurisdiction to rule on the parties' various motions. Generally, the filing of a notice of appeal divests the district court of jurisdiction with respect to all matters involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Bermudez v. Duenas, 936 F.2d 1064, 1068 (9th Cir.1991); Gould v. Mutual Life Insurance Company of New York, 790 F.2d 769, 772 (9th Cir.1986); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984); Davis v. United States, 667 F.2d 822, 824 (9th Cir.1982). A district court does have discretion to entertain a motion for reconsideration even though an appeal has been taken, but only after an appellate mandate has issued. Gould, 790 F.2d at 773 ("Once an appellate mandate has issued, leave of . . . [the Court of Appeal] is not required for district court consideration of Rule 60(b) motion"). Because the appeal is pending in the Ninth Circuit, this Court is without jurisdiction to rule on the parties' motions.

Accordingly, the Court will not issue a ruling in this case until the Ninth Circuit resolves the interlocutory appeal.

IT IS SO ORDERED.

Dated:   **December 9, 2009**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE