UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, CSP CORCORAN,<br><br>    Respondent. | 1:09-CV-01318 LJO GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner initially filed his petition in the Sacramento Division of this Court. There, any claims concerning his 1989 convictions for kidnaping were dismissed. The petition was then transferred to this Court for review of claims concerning his 2007 parole suitability hearing. On September 2, 2009, the Court issued an order directing Respondent to file a response. On September 4, 2009, Petitioner appealed the order of transfer, and the appeal was processed to the Ninth Circuit. Pending the interlocutory appeal, Respondent filed a motion to dismiss the petition on November 2, 2009. Petitioner filed an opposition on November 25, 2009, and Respondent filed a reply to the opposition on December 3, 2009. The Ninth Circuit dismissed the interlocutory appeal on April 20, 2011. The petition is again pending in this Court.

    Petitioner challenges a 2007 decision of the parole board finding him unsuitable for parole. Recently, in Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures

governing California's parole system are properly applied rests with California courts" alone. Id., 131 S.Ct. at 863. The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., at 862, *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Attachments to Petition.) According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, Petitioner's claims concerning the 2007 parole decision are not cognizable and must be dismissed.

Petitioner also challenges his 2006 validation as an associate of the Mexican Mafia prison gang. As pointed out by Respondent in his motion to dismiss, Petitioner has already presented this claim in another action in this Court. See Rios v. Cal. Dept. of Corrs. and Rehab., 1:08-CV-01048 AWI JLT HC. Because Petitioner's complaints are successive and duplicative of the prior petition, they must be dismissed. 28 U.S.C. § 2244(b).

Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    May 5, 2011**        /s/ Lawrence J. O'Neill
                  UNITED STATES DISTRICT JUDGE